## ANDREW L. MAXWELL ET AL.
### v.
## GEORGE W. BUNTIN, ADMINISTRATOR.

*Negotiable Instruments—Note—Attorney's Fees.*

1. A provision in a promissory note setting forth that if the same be collected by suit an attorney's fee of a sum named shall be "taxed and collected as costs," will not warrant a separate action for the recovery of such fee.

2. Where the court can lawfully tax such fee as costs, and refuses to do so, the plaintiff's remedy is by appeal or writ of error.

[Opinion filed November 1, 1889.]

APPEAL from the Circuit Court of Crawford County; the Hon. WILLIAM C. JONES, Judge, presiding.

Mr. J. C. MAXWELL, for appellants.

If the plaintiff was not satisfied with the refusal to allow the attorney fee to be taxed, he should have appealed the case. If he was entitled to any attorney fee, it should have been taxed as costs. Clawson v. Munson, 55 Ill. 397; Halderman et al. v. Mutual Life Insurance Company, 120 Ill. 393.

A plea of *res adjudicata* was filed and issue joined thereon, and we think the evidence in the case, and properly offered to be produced, sustains the plea. See Doyle v. Sanford, 26 Ill. App. 158. Where the plaintiff files common counts, without statement that he relies on note alone, failure of consideration may be shown under the general issue. Wilson v. King, 83 Ill. 236. And under the statute oral evidence is admissible. Mann v. Smyser, 76 Ill. 369. The clause in this note, "And if this note shall be collected by suit we agree to pay all costs of such suit, and an attorney fee of forty dollars, which shall be taxed and collected as costs in the same," provides how the note shall be collected. And if collected at all it must be collected in accordance with the provisions of the note. Dowty v. Holtz, 85 Ill. 525.

Maxwell v. Buntin.

An agreement to allow attorney fees being a departure from the general public policy of this State, should be strictly construed. Cheltenham Imp. Co. v. Whitehead, 26 Ill. App. 613.

In above case the attorney fee was disallowed because suit was brought by *cestui que trust* instead of trustee. Conceding that the agreement was given to indemnify appellee for expenses in employing an attorney to bring suit, obtain judgment and collect the debt, it was undoubtedly in the mind of the parties that the services should have been necessary to collect the debt. It was not intended to pay an attorney for unnecessary or useless services, however extensive or laborious. Soles v. Sheppard, 99 Ill. 620; Goss et al. v. Bowen, 104 Ind. 207; Kennedy v. Richardson, 70 Ind. 124; Billingsly v. Dean, 11 Ind. 331.

For this reason the objection to the introduction of the record and all the files in former suit to show what the attorney had done was well taken. When the tender was made before first suit was tried, the attorney for the plaintiff should have accepted it and saved any further time and expense. Goss et al. v. Bowen, 104 Ind. 207; Farmers and Merchants National Bank v. Barton, 21 Ill. App. 407-8. And if he did any more work or made any further expenses he could not recover for the same.

Messrs. PARKER & CROWLEY, for appellee.

It has been the uniform holding of our courts that an agreement of the kind stipulated for in the note in evidence in this case is not void, but can be enforced. Dunn v. Rodgers, 43 Ill. 260; Clawson v. Munson, 55 Ill. 394; McIntire v. Yates et al., 104 Ill. 491; Haldeman v. Mutual Life Ins. Co., 120 Ill. 390; Weigley v. Matson, 24 Ill. App. 178.

And the case in 21 Ill. App. 403, cited by counsel for appellants, supports this theory. In that case the question of recovering $30 attorney fee for collecting $300 was before the court, and the court held that the provision in the note was not void.

A party entitled to costs as an officer or party to the suit can sue in assumpsit and recover the same. Doyle v. Wilkeson, 120 Ill. 430.

Green, J.    This action by Buntin, administrator of James Buntin, deceased, was brought to recover attorney's fees from appellants as makers of a promissory note. Appellee recovered a judgment for $40 and costs in the Circuit Court, to reverse which defendants took this appeal. This is a copy of the note:

"$400.                              "March 1st, 1888.

"On or before the first day of June, 1888, we promise to pay James Buntin, or order, four hundred dollars, payable at his home, for value received, with interest at the rate of eight per cent. after date. And if this note be collected by suit, we agree to pay all the costs of such suit, and an attorney's fee of forty dollars, which shall be taxed and collected as costs in the same.              "A. L. Maxwell,
                                      "J. W. Weger,
                                      "Samuel Seaney."

Suit had been brought upon this note by the administrator against the makers at a former term of the Circuit Court, and a judgment was there recovered for the full amount of principal and interest and costs, which defendants thereupon paid in open court. Plaintiff at the same time entered his motion that $40 as attorney's fee be taxed as costs, but the court refused to so order. We can not hold that plaintiff has a right by separate action to recover this sum as attorney's fee. The clause of the instrument relied on to maintain this suit is not an absolute promise to pay the payee $40, but an agreement, if the note be collected by suit, to pay that sum as attorney's fee, with this further condition: "*which shall be taxed and collected as costs in the same.*" This condition prohibits the institution of a separate suit to recover the attorney's fee, and restricts the remedy for its collection to the method prescribed, by having it taxed and collected as costs in the suit upon the note; and if in that suit the court could lawfully tax such fee as costs, and refused to do so, the plaintiff's remedy was by appeal or writ of error. Entertaining the views here expressed, we reverse the judgment and decline to remand the cause.

*Judgment reversed.*